1
2
3
4
5
6          UNITED STATES DISTRICT COURT
7             EASTERN DISTRICT OF CALIFORNIA
8
DAVID WHITLEY,                          CASE NO.    1:10-cv-01499-MJS (PC)
9
10                    Plaintiff,         ORDER DISMISSING PLAINTIFF'S
                                         COMPLAINT FOR FAILURE TO STATE A
11       v.                              CLAIM
12                                       (ECF No. 1)
13  DR. LOPEZ, et al.,                   AMENDED COMPLAINT DUE NOVEMBER
                                         28, 2011
14
                      Defendants.
15
_____/
16

17          Plaintiff David E. Whitley ("Plaintiff") is a state prisoner proceeding pro se and in

18  forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has

19  consented to the Magistrate Judge handling all matters in this action.  (ECF No. 5.)

20          Plaintiff initiated this action in August 19, 2010.  (ECF No. 1.) Plaintiff's Complaint

21  is now before the Court for screening.

22  **I.    SCREENING REQUIREMENT**

23          The Court is required to screen complaints brought by prisoners seeking relief

24  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

25  § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has

26  raised claims that are legally "frivolous or malicious," that fail to state a claim upon which

27  relief may be granted, or that seek monetary relief from a defendant who is immune from

28  such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion

1  thereof, that may have been paid, the court shall dismiss the case at any time if the court

2  determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

3  granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

4       A complaint must contain "a short and plain statement of the claim showing that the

5  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are

6  not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

7  mere conclusory statements, do not suffice." Ashcroft v. Iqbal, ___ U.S. ___, ___; 129

8  S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

9  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is

10  plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial

11  plausibility demands more than the mere possibility that a defendant committed

12  misconduct and, while factual allegations are accepted as true, legal conclusions are not.

13  Id. at 1949-50.

14  **II.    PLAINTIFF'S CLAIMS**

15       Plaintiff is currently incarcerated at Kern Valley State Prison ("KVSP") where the

16  incidents alleged in his Complaint occurred. Plaintiff names the following individuals as

17  Defendants: 1) Dr. Lopez, Chief Medical Officer ("CMO"), 2) Warden Harrington, Chief

18  Executive Officer, and 3) Capt. M. Cabrera, Chief Officer Facility A. Plaintiff claims his

19  rights under the Eighth Amendment were violated as a result of Defendants' failure to

20  protect him.

21       Plaintiff alleges as follows:

22       In March 2010, Plaintiff was placed in a cell with an inmate who was a participant

23  in the "Mental Health Service Delivery System." (Compl. at 3.) The cell-mate exhibited

24  signs of mental instability. (Id.) Plaintiff requested a transfer to another cell, but was told

25  that a transfer was not feasible at the time. (Id.)

26       On April 3, 2010, Plaintiff was involved in a fight with his cell-mate and was injured.

27  (Id.) He was "later found 'not guilty' on [his] part on original charge." (Id.)

28       Plaintiff would like Defendant Harrington to be held responsible for his injuries

1  because Defendant Harrington is responsible for all operations at KVSP.  (Id.)  Plaintiff

2  wants Defendant Lopez to be held liable for his injuries because as CMO, Defendant

3  Lopez was responsible for supervising Plaintiff's cell-mate, who was a psychiatric patient.

4  (Id.)  Lastly, Plaintiff would like Defendant Cabrera to be held liable due to Defendant

5  Cabrera's lack of responsibility for the safe custody of his inmates.  (Id.)

6        Plaintiff asks for monetary relief for Defendants' negligent provision of institutional

7  security for inmates.  (Id.)  He also asks for monetary relief due to his mental anguish and

8  stress, pain, suffering, and permanent disfigurement in his face and neck.  (Id.)

9  **III.   ANALYSIS**

10       Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges,

11  or immunities secured by the Constitution and laws' of the United States."  Wilder v.

12  Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983

13  is not itself a source of substantive rights, but merely provides a method for vindicating

14  federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

15       To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that

16  a right secured by the Constitution or laws of the United States was violated, and (2) that

17  the alleged violation was committed by a person acting under the color of state law.  See

18  West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245

19  (9th Cir.1987).

20       **A.    Personal Participation and Supervisory Liability**

21       As currently plead, Defendants Lopez, Harrington, and Cabrera's conduct does not

22  appear to be unconstitutional.  Plaintiff seeks to hold these Defendants liable because

23  each one of them has a supervisory role at KVSP.

24       However, under Section 1983, Plaintiff must demonstrate that each named

25  Defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297

26  F.3d 930, 934 (9th Cir. 2002).  The Supreme Court has emphasized that the term

27  "supervisory liability," loosely and commonly used by both courts and litigants alike, is a

28  misnomer.  Iqbal, 129 S.Ct. at 1949.  "Government officials may not be held liable for the

1
2
3
4
5

unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948–49.

6
7
8
9

Plaintiff has not alleged facts demonstrating that any of the named Defendants personally acted to violate his rights. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies in this respect. In his amended complaint, Plaintiff needs to specifically link each Defendant to a violation of his rights.

10

**B.    Failure to Protect**

11
12
13
14

Arguably, Plaintiff is alleging that Defendants Lopez, Harrington, and Cabrera failed to protect him from his cell-mate, a psychiatric inmate. Plaintiff wants these Defendants held liable because after they denied Plaintiff's request for a cell transfer, Plaintiff was attacked by his cell-mate.

15
16
17
18
19
20
21
22
23
24
25
26
27
28

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). Prison officials are required to take reasonable measures to guarantee the safety of inmates and officials have a duty to protect prisoners from violence at the hands of other prisoners. Farmer, 511 U.S. at 832–33; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). An inmate has no constitutional right, however, to enjoy a particular security classification or housing. See Meachum v. Fano, 427 U.S. 215, 224–25 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's reclassification and transfer decisions); see also Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007). Further, "[v]erbal harassment or abuse ... is not sufficient to state a constitutional deprivation[.]" Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (quoting Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979)).

1   Rather, to state a claim for threats to safety, an inmate must allege facts to support
2   that he was incarcerated under conditions posing a substantial risk of harm and that prison
3   officials were "deliberately indifferent" to those risks.  Farmer, 511 U.S. at 834; Frost, 152
4   F.3d at 1128; Redman v. County of Los Angeles, 942 F.2d 1435, 1443 (9th Cir. 1991) (en
5   banc).  To adequately allege deliberate indifference, a plaintiff must set forth facts to
6   support that a defendant knew of, but disregarded, an excessive risk to inmate safety.
7   Farmer, 511 U.S. at 837.  That is, "the official must both [have been] aware of facts from
8   which the inference could be drawn that a substantial risk of serious harm exist[ed], and
9   he must also [have] draw[n] the inference." Farmer, 511 U.S. at 837; Frost, 152 F.3d at
10  1128; Redman, 942 F.2d at 1442.

11  As stated above, Plaintiff has failed to allege that any of the Defendants personally
12  acted to violate his rights.  Even if Plaintiff amends and identifies an individual Defendant
13  or Defendants who he contends was personally liable for the alleged violation of his rights,
14  he still must cure the following additional deficiencies:

15  Plaintiff has not alleged facts to support his claim he was incarcerated under
16  conditions posing a substantial risk of harm or alleged that prison officials were aware of
17  and deliberately indifferent to any such risk.

18  Plaintiff has alleged only that he was housed with a cell-mate who he felt had some
19  potential for danger apparently because of his psychiatric impairment.  He has not alleged
20  facts suggesting the existence of a substantial risk of such harm.  He has identified no
21  facts that would warrant him or others to conclude that the cell-mate posed a danger.
22  (Compl. at 3.)  The mere fact the cell-mate was suffering from a psychiatric illness or
23  impairment does not suggest a substantial risk of harm to Plaintiff.

24  Plaintiff has also failed to plead facts indicating  deliberate indifference on the part
25  of Defendants.  He states only that he told an unnamed individual about his concern with
26  his cell-mate and asked to be moved.  He does not identify the person to whom he made
27  the request or say whether the named Defendants were aware of it.  He has not shown that
28  Defendants were deliberately indifferent to any alleged potential harm.

1
2
3

If Plaintiff would like to pursue a claim for failure to protect under the Eighth Amendment, he must demonstrate that  Defendants were aware of a serious risk of harm to Plaintiff and then deliberately disregarded the risk to Plaintiff's safety.

4

**IV.    CONCLUSION AND ORDER**

5
6
7
8
9
10
11
12
13

The Court finds that Plaintiff's Complaint fails to state any Section 1983 claims upon which relief may be granted.   The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above.  See Noll v. Carlson, 809 F.2d 1446, 1448–49 (9th Cir. 1987).   In his Amended Complaint, Plaintiff must demonstrate that the alleged incident resulted in a deprivation of his constitutional rights.  Iqbal, 129 S.Ct. at 1948–49.  Plaintiff must set forth "sufficient factual matter ... to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights.  Jones, 297 F.3d at 934.

14
15
16
17
18
19

In his Amended Complaint, Plaintiff must demonstrate that the alleged incident resulted in a deprivation of his constitutional rights.  Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).   Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights.  Jones, 297 F.3d at 934.

20
21
22
23

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims.  Plaintiff should focus his Amended Complaint on the violation of his First Amendment and due process rights, and how individuals have retaliated against him as a result of his efforts to exercise his civil rights.

24
25
26
27
28

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original

complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's Complaint is dismissed for failure to state a claim, with leave to file an amended complaint by November 28, 2011;

2.      Plaintiff shall caption the document "Amended Complaint" and refer to the case number 1:10-cv-1499-MJS (PC); and

3.      If Plaintiff fails to comply with this order, this action will be dismissed for failure to prosecute and failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:    October 25, 2011                    /s/ _Michael J. Seng_
ci4d6                                         UNITED STATES MAGISTRATE JUDGE