# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID E. WHITLEY,<br><br>    Plaintiff,<br><br>v.<br><br>DR. LOPEZ, et al.<br><br>    Defendants. | CASE NO. 1:10-cv-1499--MJS (PC)<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDER<br><br>(ECF No. 8)<br><br>PLAINTIFF MUST FILE AMENDED COMPLAINT BY JANUARY 20, 2012 |

Plaintiff David E. Whitley ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the Magistrate Judge handling all matters in this action. (ECF No. 5.)

Plaintiff initiated this action on August 19, 2010. (ECF No. 1.) The Court screened Plaintiff's amended complaint on October 25, 2011, found that it failed to state a cognizable claim, and Plaintiff was given leave to file an amended complaint. (ECF No. 8.) Plaintiff was to file his amended complaint by November 28, 2011. (Id.) The November 28, 2011 deadline has passed, and Plaintiff has not filed an amended complaint or a request for an extension.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent

-1-

power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Plaintiff has not responded to the Court's October 25, 2011 Order, even though the November 28, 2011 deadline contained in the Order has passed.  (ECF No. 8.)  Accordingly, Plaintiff shall file an amended complaint no later than **January 20, 2012,** or show cause as to why his case should not be dismissed for failure to comply with a Court order and failure to state a claim.  Plaintiff is hereby on notice that failure to meet this deadline will result in dismissal of this action.

IT IS SO ORDERED.

Dated:   December 16, 2011         /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE