# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WHITLEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HARRINGTON, et al.,<br><br>　　　　Defendants. | Case No. 1:10-cv-01499-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(ECF No. 21)** |

Plaintiff David Whitley ("Plaintiff") is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. This matter proceeds on the first amended complaint on a failure to protect claim against Defendants Herrera and Cabrera.

Pending before the Court is Plaintiff's motion seeking appointment of counsel on grounds he is pro se and indigent.[1]

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and

---

[1] Plaintiff supports his motion with an 18 U.S.C. § 3006A (Criminal Justice Act) application for counsel, apparently filed in 2010 in a separate action.

1  compensating counsel, the Court will seek volunteer counsel only in the most serious and
2  exceptional cases. In determining whether "exceptional circumstances exist, the district
3  court must evaluate both the likelihood of success of the merits [and] the ability of the
4  [plaintiff] to articulate his or her claims pro se in light of the complexity of the legal issues
5  involved." Id. Neither of these factors is dispositive and both must be viewed together
6  before reaching a decision on request of counsel under section 1915(d). Wilborn v.
7  Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Palmer v. Valdez, 560 F.3d 965, 970 (9th
8  Cir. 2009).

9        The burden of demonstrating exceptional circumstances is on the Plaintiff. See
10 Palmer, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional
11 circumstances for the appointment of counsel"); accord, Alvarez v. Jacquez, 415 F. App'x
12 830, 831 (9th Cir. 2011) (plaintiff "failed to show exceptional circumstances"); Simmons v.
13 Hambly, 14 F. App'x 918, 919 (9th Cir. 2001) (same); Davis v. Yarborough, 459 F. App'x
14 601, 602 (9th Cir. 2011) (plaintiff "did not show the 'exceptional circumstances' required to
15 appoint counsel under 28 U.S.C. § 1915(e)(1).").

16       In the present case, the Court does not find the required exceptional circumstances.
17 The Court cannot make a determination at this early stage of the litigation that Plaintiff is
18 likely to succeed on the merits. The alleged failure to protect claim does not appear to be
19 novel or unduly complex. The facts alleged to date appear straightforward and unlikely to
20 involve any extensive investigation and discovery.

21       Even if it is assumed that Plaintiff is not well versed in the law and that he has made
22 serious allegations which, if proved, would entitle him to relief, his case is not exceptional.
23 This Court is faced with similar cases almost daily.

24       The papers filed by Plaintiff in this case reflect an appreciation of the legal issues
25 and standards and an ability to express same adequately in writing. The Court does not
26 find that at present, he cannot adequately articulate his claims pro se.

27       Finally, it is not clear Plaintiff has exhausted diligent efforts to secure counsel based
28

1  upon his attempts to date.[2]

2      For the foregoing reasons, Plaintiff's motion for appointment of counsel (ECF No. 21) is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:  August 20, 2013          /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE

---

[2] See e.g., Thornton v. Schwarzenegger, 2011 WL 90320, *3–4 (S.D.Cal. 2011) (cases cited).