1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10
11

DAVID E. WHITLEY,

Case No.: 1:10-cv-01499-LJO-MJS (PC)

12

        Plaintiff,

FINDINGS AND RECOMMENDATIONS
GRANTING DEFENDANTS CABRERA AND
HERRERA'S MOTION TO DISMISS

13

   v.

14

DR. LOPEZ, et al.,

(ECF No. 20)

15
16

        Defendants.

OBJECTIONS DUE WITHIN FOURTEEN DAYS

17

_____

18
19

     Plaintiff David E. Whitley ("Plaintiff") is a prisoner proceeding in this civil rights action

20

pursuant to 42 U.S.C. § 1983.

21

     Plaintiff initiated this action on August 19, 2010.  (ECF No. 1.)  The Court screened

22

Plaintiff's First Amended Complaint (Am. Compl., ECF No. 10) and found that it stated a

23

cognizable claim under the Eighth Amendment of the United States Constitution against

24

Defendants Herrera and Cabrera (ECF No. 13).

25

     Defendants Herrera and Cabrera have moved to dismiss Plaintiff's action under the

26

unenumerated provisions of Federal Rule of Civil Procedure 12(b)(6) for failure to exhaust

27

administrative remedies.  (Defs.' Mot., ECF No. 20.)  Plaintiff filed an opposition (Pl.'s Opp'n,

28

ECF No. 21) and Defendants filed a reply (ECF No. 25).

1    Defendants' motion is now ready for ruling.  Local Rule 230(*l*).

2    **I.**     **LEGAL STANDARDS**

3          The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be brought with

4    respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

5    confined in any jail, prison, or other correctional facility until such administrative remedies as

6    are available are exhausted."  42 U.S.C. § 1997e(a).  Therefore, prisoners are required to

7    exhaust all available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199,

8    211 (2007).  The Supreme Court held that "the PLRA's exhaustion requirement applies to all

9    inmate suits about prison life, whether they involve general circumstances or particular

10   episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle,

11   534 U.S. 516, 532 (2002).  Further, the exhaustion of remedies is required, regardless of the

12   relief sought by the prisoner, as long as the administrative process can provide some sort of

13   relief on the prisoner's complaint.  Booth v. Churner, 532 U.S. 731, 741 (2001).

14         The California Department of Corrections and Rehabilitation ("CDCR") has an

15   administrative grievance system for prisoner complaints; the process is initiated by

16   submitting a CDCR Form 602.  Cal. Code Regs., tit. 15, §§ 3084.1, 3084.2(a) (2014).  For

17   allegations that arose in 2010, four levels of appeal existed: an informal level, a first formal

18   level, a second formal level, and a third formal level, also known as the "Director's Level";

19   each successive appeal had to be submitted within fifteen working days of the event being

20   appealed.  Id. at §§ 3084.5, 3084.6(c) (2009).[1]

21         The exhaustion requirement of § 1997e(a) is not a pleading requirement, but rather an

22   affirmative defense.  Defendants have the burden of proving plaintiff failed to exhaust the

23   available administrative remedies before filing a complaint in the District Court.  Jones v.

24   Bock, 549 U.S. 199, 216 (2007).  A motion raising a prisoner's failure to exhaust the

25   administrative remedies is properly asserted by way of an unenumerated motion under Fed.

26   R. Civ. P 12(b).  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003); Ritza v. Int'l

27   _____

28   [1] The regulations were changed in 2011.

2

1   Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium).

2   In determining whether a case should be dismissed for failure to exhaust administrative

3   remedies, "the court may look beyond the pleadings and decide disputed issues of fact" in a

4   procedure that is "closely analogous to summary judgment." Id. at 1119–20.  When the court

5   concludes the prisoner has not exhausted all of his available administrative remedies, "the

6   proper remedy is dismissal without prejudice." Id.

7   **II.   PLAINTIFF'S CLAIMS**

8          Plaintiff's allegations are summarized as follows:

9          On March 25, 2010, Plaintiff was threatened with a CDC 115 if he did not comply with

10  an order to relocate.  (Am. Compl. at 4.)  The relocation would house Plaintiff with a mentally

11  ill prisoner known to Kern Valley State Prison ("KVSP") staff and mental health officials to be

12  suffering from paranoia and schizophrenia.   (Id.)   On March 27, 2010, Plaintiff told an

13  unspecified defendant of his concerns about being housed with this prisoner.    (Id.)

14  Defendant Herrera told Plaintiff he had no choice because he and the mentally ill prisoner

15  were the "only two non-affiliated inmates" at KVSP.  (Id.)  Defendant Herrera also advised

16  Plaintiff "We know that [the assigned inmate] is a problem so you just do what you have to

17  do." (Id.)

18         On April 1, 2010, Plaintiff informed Defendant Cabrera about Defendant Herrera's

19  indifference to his safety.  (Am. Compl. at 4-5.)  Defendant Cabrera told Plaintiff to seek a

20  remedy though the 602 appeals process.  (Id. at 5.)

21         Defendant Lopez was aware that Plaintiff's assigned cell-mate had the potential to act

22  violently, but did not require the cellmate be housed in a single cell.  (Am. Compl. at 5.)

23         On April 3, 2010, Plaintiff's assigned cell-mate attacked him without provocation and

24  slashed his face and neck.  (Am. Compl. at 5.)  Plaintiff received a CDC 115 Rules Violation

25  Report ("RVR") for fighting with the cell-mate even though he was merely defending himself.

26  (Id.)

27  ///

28  ///

3

III.   **ANALYSIS**

Defendants are entitled to dismissal pursuant to the unenumerated provisions of Fed. R. Civ. P. 12(b)(6).

Plaintiff proceeds on claims under the Eighth Amendment arising from Defendants' failure to protect Plaintiff from a dangerous cell-mate.  Under the PLRA, Plaintiff was required to exhaust available administrative remedies for such claims prior to initiating this action in federal court.  Plaintiff did not do so.  His claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

The record satisfies the Court that Plaintiff did not exhaust any appeals to the Director's Level of review at any time between March 25, 2010, when he was first assigned the cell-mate and August 19, 2010, when he initiated this action.  (Lozano Decl., ECF No. 20-3 at ¶ 5.)  He did file one pertinent appeal during this period, KVSP-0-10-01291, complaining about being forced to live with and needing to defend himself from a mentally ill inmate. (Defs.' Mot., ECF No. 20-4 at Ex. A.).[2]  This appeal notified the prison of Plaintiff's concerns about his cell-mate, but it was not exhausted until February 23, 2011, well after Plaintiff filed his initial complaint with the Court.  (Defs.' Mot., ECF No. 20-5 at Ex. B.)

In his opposition, Plaintiff alleges that he exhausted his appeals as follows:  He filed an April 2010 appeal that was screened out, not given a log number, and has since disappeared.  He asserts that appeal Log No. KVSP-0-10-01291 was exhausted before he filed his First Amended Complaint.  He claims a May 2010 appeal was improperly rejected by prison staff.

None of Plaintiff's arguments have merit.

_____

[2] Defendants argue that appeal Log No. KVSP-0-10-01291 was not sufficient to place them on notice of Plaintiff's safety concerns.  (Defs.' Mem. P&A, ECF No. 20-1 at 6.)  Because Plaintiff failed to exhaust the grievance prior to initiating this action, the Court need not resolve the issue.  However, on the surface it does appear that this grievance met PLRA's notice requirements.  A grievance is sufficient for exhaustion purposes if it alerts the prison to the wrong for which redress is sought.  Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).  Plaintiff's grievance alerted the prison to his concerns about the proposed cell-mate

4

1    Plaintiff's bare allegation that he filed a grievance in April 2010 is insufficient to satisfy
2  the exhaustion requirement.  A failure to exhaust may be excused where the administrative
3  remedies are rendered "unavailable," but Plaintiff bears the burden of demonstrating that the
4  grievance process was unavailable to him through no fault of his own.  See Sapp v. Kimbrell,
5  623 F.3d 813, 822–23 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir.
6  2010); Brown v. Valoff, 422 F.3d 926, 939–40 (9th Cir. 2005).  Self-serving averments or
7  testimony do not provide an adequate basis for excusing him from exhaustion requirements.
8  See Rodgers v. Reynaga, No. CV 1-06-1083-JAT, 2009 WL 2985731, at *3 (E.D.Cal. Sept.
9  16, 2009), ("To grant Plaintiff an exception to PLRA's demand for exhaustion based solely on
10  Plaintiff's self-serving testimony that his grievance was surreptitiously destroyed by prison
11  officials would completely undermine the rule.") Hendon v. Baroya, No. 1:05-cv-00838-
12  OWW-SMS PC, 2007 WL 3034263, at *3 (E.D.Cal. Oct. 16, 2007) ("[V]ague assertion that
13  grievances were filed is insufficient to make the requisite showing that exhaustion either
14  occurred or was excused due to some form [of] conduct on the part of prison officials which
15  prevented plaintiff from properly utilizing the appeals process.").

16    Plaintiff's May 2010 appeal was rejected by the appeals coordinator because Plaintiff
17  failed to clarify how it was to be classified.  He failed to follow the appeals coordinator's
18  instructions to clarify this issue, re-file the appeal, and exhaust it to the final level of review.

19    Plaintiff's appeal Log No. KVSP-0-10-01291 is also inadequate because it was
20  exhausted six months **after** he initiated this action.

21    Nothing filed by Plaintiff raises any question about Defendants' characterization of
22  history of his administrative appeals history.  Defendants have satisfied their burden of
23  demonstrating that Plaintiff failed to exhaust administrative remedies.  Plaintiff has not shown
24  that he complied with the PLRA's exhaustion requirements, nor has he shown why he should
25  be exempt from those requirements.  Defendant's motion to dismiss should be granted and
26  this action dismissed.

27  ///

28  ///

5

1  IV.    **CONCLUSION AND RECOMMENDATION**

2          Based on the foregoing, the Court HEREBY RECOMMENDS that Defendants' motion

3  to dismiss (ECF No. 20) be granted and that this action be DISMISSED without prejudice.

4          These Findings and Recommendations are submitted to the United States District

5  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within

6  fourteen (14) days after being served with these Findings and Recommendations, any party

7  may file written objections with the Court and serve a copy on all parties.  Such a document

8  should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

9  Any reply to the objections shall be served and filed within ten days after service of the

10 objections.  The parties are advised that failure to file objections within the specified time

11 may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th

12 Cir. 1991).

13

14 IT IS SO ORDERED.

15

16 Dated:   February 28, 2014          /s/ Michael J. Seng

17                                       UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28

                                            6